**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30519

(Summary Calendar)
_____

LOUISIANA ASSOCIATED GENERAL CONTRACTORS,
INCORPORATED,

Plaintiff-Appellee,

versus

CITY OF NEW ORLEANS, by and through the New
Orleans Aviation Board, incorrectly identified
by plaintiff as New Orleans Aviation Board,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-1338"J")

_____

December 10, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant City of New Orleans, by and through the New Orleans Aviation Board, appeals the district court's grant of Plaintiff Louisiana Associated General Contractors' motion to remand this action to Louisiana state court. We affirm.

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Plaintiff Louisiana Associated General Contractors ("LAGC") filed suit against the New Orleans Aviation Board ("NOAB") in Louisiana state court. LAGC initially alleged that NOAB's Disadvantaged Business Enterprise ("DBE") Program, the Louisiana statute under which it was allegedly established, and the application of the DBE program and the statute to a specific public works project violate the Louisiana Constitution, two Louisiana statutes, the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. § 1983. Specifically, LAGC alleged that NOAB discriminates against non-minorities and men "in the apportionment of public works, public works contracts, and public works subcontracts."

NOAB removed the suit to federal district court based on federal question jurisdiction. LAGC then amended its complaint to delete the federal claims; LAGC simultaneously filed a motion to remand the case to state court. The district court granted LAGC's motion to remand. NOAB appeals.

We review for an abuse of discretion a district court's decision to remand a case to state court. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994).

A district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action

on which removal was originally based. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988).

A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. *Id.*, 108 S. Ct. at 622. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine supports a remand in the case. *Id.*, 108 S. Ct. at 622-23.

In this case, the district court observed that "[t]he fact that [LAGC's] amendment deleting the federal claims was for the purpose of securing remand weighs against the motion." However, the court nonetheless concluded that the suit should be remanded because the state law claims predominated over the federal claims in the initial complaint and because the state law claims are "novel and complex."

NOAB argues that the district court abused its discretion in finding that the state law claims in this case predominate and are "novel and complex." We find the district court's decision well

within its discretion and in accordance with applicable law. *See* 28 U.S.C. § 1367(c) (supplemental jurisdiction statute).

NOAB also contends that the district court abused its discretion in remanding the action because LAGC apparently amended its complaint to manipulate the forum in which the suit would be tried. However, the district court's order reflects that it addressed LAGC's alleged tactic in a manner consistent with *Carnegie-Mellon*, i.e., the court noted that forum manipulation weighed against the motion, and considered it in light of the other circumstances of the case. We do not find that the district court abused its discretion in determining that the circumstances of this case favored remand.

AFFIRMED.